IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bum Hoon Lee<br>on behalf of himself and all other<br>Plaintiff similarly situated known and<br>unknown,<br>            Plaintiff,<br>v.<br><br>H Mart Midwest Corp., H Mart Glenview,<br>LLC, H Mart Chicago, LLC, H Mart<br>Champaign, LLC, BK Schaumburg, Inc.,<br>Brian Kwon, Ilyeon Kwon and Hye Joo Choi<br><br>            Defendants. | Case No. 18-cv-3593 |

**COMPLAINT**

Plaintiff, Bum Hoon Lee, through his attorneys, on behalf of himself and all other Plaintiff similarly situated known and unknown, for his Complaint against H Mart Midwest Corp., H Mart Glenview, LLC, H Mart Chicago, LLC, H Mart Champaign, LLC, BK Schaumburg, Inc., Brian Kwon, Ilyeon Kwon and Hye Joo Choi ("Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et. seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., for Defendants' failure to pay minimum and overtime wages to Plaintiff. During the course of his employment by Defendants, Plaintiff was paid wages less than both the federal and State of Illinois mandated minimum wage. Also when Plaintiff worked in excess of forty (40) hours per week, Plaintiff was not paid minimum and overtime wages properly.

1

Plaintiff further alleges that Defendants' failure to pay the regular and overtime wages is willful and intentional. Plaintiff's Consent Forms to be Representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as an individual action for himself.

7. H Mart is an Asian supermarket chain operated by the Hanahreum Group headquartered in Lyndhurst, New Jersey. The chain, with locations throughout the United States, Canada, and London, specializes in providing Asian foods.

8. H Mart has 63 stores in the United States and 5 stores in Illinois, at Niles, Naperville, Glenview, Schaumburg, and Chicago.

9. Plaintiff started his work for H Mart in Schaumberg, IL from about April 20, 2015, in the fruits and vegetable department.

10. For the period commencing on or about April 20, 2015, until December 10, 2017, Plaintiff Bum Hoon Lee regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

11.	Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

12.	Plaintiff's usual working schedule was from 8:00 a.m. to 6:30 p.m. for 6 days a week.

13.	One of Plaintiff's duties was purchasing fruits and vegetables from wholesale markets for all five branches of the state. Plaintiff was supposed to go to wholesale market three times a week. Whenever he went to buy fruits and vegetables, he left home 2:30 in the morning, bought produces and came to the store and worked until 6:30 p.m. Plaintiff was not allowed to leave his work before 6:30 p.m. even though he started his work at 2:30 in the morning.

14.	Plaintiff started his work at 2:30 a.m. and ended at 6:30 p.m. for 3 days per week which is when he was required to go to the wholesale produce market.

15.	For other three days a week, Plaintiff started his work at 8:00 a.m. and ended at 6:30 p.m.

16.	Defendants paid Plaintiff his worked hours for up to 60 hours per week.

17.	When Plaintiff worked over 60 hours per week, Defendants did not pay him for any of hours over 60 hours.

18.	Also, when Plaintiff worked for less than 60 hours, his wage was deducted for the hours less than 60.

19.	Plaintiff regularly worked more than 60 hours a week and was not paid the proper amount of overtime wages.

20.	Plaintiff regularly worked more than 60 hours per week while employed by Defendants.

21.     Additionally, plaintiff was reimbursed for using his own vehicle to drive to and from the wholesale market by Defendants at a rate that was not proper.

22.     Defendants reimbursed plaintiff $0.48 per mile despite the fact that IRS's guideline for the year 2015 was $0.575 per mile and for the year 2016 was $0.54.

23.     Plaintiff performed manual labor for Defendants.

24.     Plaintiff was assigned to the said manual labor by Defendants.

25.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

26.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

27.     Plaintiff was required to report to work for Defendants at a certain time.

28.     Plaintiff could not set his own hours of work for Defendants.

29.     Plaintiff was not compensated at the proper overtime rate for hours worked in excess of sixty (60) hours per week.

30.     Defendants are and were at all relevant times hereto engaged in the business of Grocery Store.

31.     Defendants are and were at all relevant times hereto engaged in the interstate commerce.

32.     Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

33.     Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi participated in and approved of the unlawful pay practices of the business H Mart at Niles, Schaumburg, Glenview, Chicago and Champaign, IL.

34. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi were involved in assigning work to Plaintiff.

35. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi had the power and authority to discipline Plaintiff.

36. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

37. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi hired Plaintiff.

38. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi were in charge of paying employees.

39. Defendants Brian Kwon, Ilyeon Kwon and Hye Joo Choi told Plaintiff where to work and when to work.

40. Defendants employed Plaintiff to do work for them in the State of Illinois.

41. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

42. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

43. Defendants held Plaintiff out as an employee.

44. At all times relevant hereto, the acts and omissions of Defendants, and each of them concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

45. At all times relevant hereto, Defendants, and each of them approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

46. At all times relevant hereto, Defendants, and each of them aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

47. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

48. Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

49. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

50. Defendants failed to pay Plaintiff overtime compensation for all hours worked in excess of 40 hours per workweek.

51. Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

52. Defendant H Mart Midwest Corp. and BK Schaumburg, Inc, are Illinois corporations doing business as H Mart in Niles and in Schaumburg and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

53. Defendants H Mart Glenview, LLC, H Mart Chicago, LLC and H Mart Champaign, LLC are Illinois Limited Liability Companies doing business as a Grocery Store and are enterprises as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C.

§203(r)(I), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

54. Defendants are subject to the FLSA and IMWL by the nature of their business and the amount of revenues generated. Defendants' annual dollar volume of business exceeds five hundred thousand dollars ($500,000.00).

55. Defendant Ilyeon Kwon is the President of Defendants H Mart Midwest Corp, H Mart Glenview, LLC, H Mart Chicago, LLC and H Mart Champaign, LLC.

56. Brian Kwon is the president of BK Schaumburg, Inc. and Defendant Choi is the branch manager of H Mart Schaumburg store.

## JURISDICTION AND VENUE

57. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiff)

58. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

59. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all hours worked.

60. For Plaintiff Bum Hoon Lee, for the period commencing on or about April 20, 2015, until December 10, 2017, Plaintiff Bum Hoon Lee regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

61. Plaintiff performed work for Defendants the said excess of forty (40) hours per week work as an express condition of his continued employment.

62. Plaintiff was paid his overtime wage for up to 60 hours and he was not paid for over 60 hours.

63. Plaintiff regularly worked more than 60 hours a week and was never paid the proper amount of overtime wages.

64. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

65. During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

66. Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

67. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times their regular rate of pay.

68. Defendants did not compensate Plaintiff at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (60) hours in individual workweeks.

69. Defendants' failure and refusal to pay overtime wages for hours worked in

8

excess of forty (60) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

70. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (60) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (60) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Collective Action under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

71. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

72. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

73. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

74. During the applicable statute of limitations, Defendants have failed to pay Plaintiff and members of the FLSA Collective the federally mandated minimum wage for all hours worked.

75. Plaintiff and the FLSA Collective do not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

76. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

78. Plaintiff on behalf of herself and the FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT III
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (All Plaintiff)

79. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

80. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

81. The matters set forth in this count arise from Defendants' violation of the

minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

82. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

83. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

84. Defendants did not compensate Plaintiff minimum wages for all hours worked.

85. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff's minimum wages for all hours worked.

86. Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover his unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (All Plaintiff)

87. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

11

88.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

89.     The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

90.     Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

91.     Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (60) in individual work weeks.

92.     Defendants violated the Illinois Minimum Wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

93.     Defendants willfully violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

94.     Pursuant to 820 ILCS 105/12*(*a), Plaintiff was entitled to recover unpaid wages for at least three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

   WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty (40) hours per week

B.     Punitive damages pursuant to the formula set forth in 820 ILCS105/12(a);

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Illinois Wage Payment and Collection Act Failure to Pay Claims

95.  Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

96.  The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

97.  During the applicable statute of limitations, by the course of conduct set forth above, Defendants have failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq.

98.  Because Defendants failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorneys.

WHEREFORE, on behalf of himself, the plaintiff prays for judgment in their favor and against the defendants, and each of them, and for the following relief:

i.  damages in an amount equal to the unpaid wages due and owing to the plaintiff, which were wrongfully converted to the defendants' use as described above;

ii.  statutory penalties as allowed by the IWPCA;

iii. interest on all amounts awarded;

iv. attorneys' fees, together with costs of suit and collection; and such further relief as may be fair and just in the premises

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: May 21, 2018

/s/ Ryan Kim
Ryan J. Kim
INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff